UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS MANUEL MENDOZA,

        Plaintiff,

-against-

26 FEDERAL PLAZA IMMIGRATION,

        Defendant.

23-CV-6759 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jesus Manuel Mendoza filed this complaint *pro se*. By order dated August 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a resident of Brooklyn, New York, filed this complaint against "26 Federal Plaza Immigration,"[1] regarding events allegedly occurring in Brooklyn in 2017. (*See* ECF 1, at 5.) The following allegations are taken from the complaint. Plaintiff was told that his mother's name is Enida Simet. He maintains, however, that his mother's name is actually Nativida Simet. Plaintiff alleges that his mother's sister, Isabel Simet, "is using her identifications." (*Id.*) Plaintiff "lost all [his] properties" and "got a [h]ernia because [his] mother was cooking and she gave [him] poison food." (*Id.*)

Plaintiff seeks money damages.[2]

---

[1] The Court construes the complaint as asserting a claim against United States Immigration and Customs Enforcement ("ICE").

[2] Plaintiff has previously submitted a complaint asserting similar claims against "26 Federal Plaza Immigration" and alleging facts concerning Isabel Simet's use of Plaintiff's mother's identification and Plaintiff's alleged food poisoning. By order dated March 6, 2023, the

## DISCUSSION

### A.  Claims against Immigration and Customs Enforcement

The Court construes Plaintiff's complaint against "26 Federal Plaza Immigration" as asserting a claim against the federal government agency ICE.[3] The "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Federal agencies and federal officials in their official capacities are also immune from suit for constitutional torts. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that *Bivens* provides no cause of action against the United States or its agencies). Any claim for damages or injunctive relief against ICE must be dismissed because sovereign immunity bars Plaintiff's claims against ICE for violations of his constitutional rights.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.  No Private Prosecution

Plaintiff's allegation that his mother's sister is using his mother's identification and his invocation of ICE suggests that he may be asserting claims that his mother's sister has committed the crimes of fraud or identity theft. Plaintiff cannot initiate the arrest and prosecution of any individual in this Court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against anyone, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from

---

Court dismissed that action for failure to state a claim and for seeking monetary damages from a defendant who is immune from such relief. See Mendoza v. 26 Fed. Plaza Immigration, ECF 1:23-CV-0235, 4 (S.D.N.Y. Mar. 6, 2023).

[3] ICE offices are located at 26 Federal Plaza in Manhattan.

[4] In addition, there are no facts in the complaint suggesting that Plaintiff can state any viable claims against ICE.

control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Any attempt Plaintiff is making to bring criminal charges arising from alleged fraud or identity theft must therefore be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.   State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.   Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   October 2, 2023
         New York, New York

                                                      /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                                 Chief United States District Judge